UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON E. BROWN,     Plaintiff,

v.     Civil Action No. 3:18-cv-P120-DJH

GINNY FENTRESS *et al.*,     Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Jason E. Brown leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### **I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against three officials at Kentucky State Reformatory (KSR) in both their individual and official capacities – Ginny Fentress, LPN; Robinson J. Sylvester, "Supervisor Cor. Capt. 1"; and Warden Aaron Smith.

In his complaint, Plaintiff states: "Ms. Fentress gave me an institutional write-up that had no truth or facts to it. Her supervisor Robinson J. Sylvester went along with the write-up even though she knew the write-up was false."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief "so no retaliation can be taken against me by staff at KSR."

### **II. LEGAL STANDARD**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under

§ 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

## A. Official-Capacity Claims

As stated above, Plaintiff sues each Defendant in both their official and individual capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, he fails to state a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which

relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

### B. Individual-Capacity Claims

Plaintiff does not specify the legal theory upon which he seeks relief against Defendants Fentress and Sylvester. He simply alleges that they were involved in the filing of a "false write-up" against him. However, "erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute the deprivation of a constitutional right." *McDougald v. Eaches*, 1:16-cv-900, 2016 U.S. Dist. LEXIS 165362, at *7 (S.D. Ohio Sept. 16, 2016) (citing *Reeves v. Mohr*, No. 4:11cv2062, 2012 U.S. Dist. LEXIS 11374, at *5 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that a prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations")); *see also Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (per curiam) (and cases cited therein) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing."). "A constitutional violation may occur, if as a result of an accusation, [a plaintiff] was deprived of a liberty interest without due process. . . . The focus, however, is on the process provided to a plaintiff before he is deprived of a protected liberty interest, not on the accuracy of the charges." *Reeves v.Mohr*, 2012 U.S. Dist. LEXIS 11374, at *6 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). Here, Plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts suggesting that he was deprived of a protected liberty interest. Thus, the Court will dismiss Plaintiff's claims against these Defendants for failure to state a claim upon which relief may be granted.

Plaintiff's claim against Defendant Warden Smith must also be dismissed for failure to state a claim upon which relief may be granted because Plaintiff makes no allegation against him in the complaint. A complaint must allege that a defendant was personally involved in the alleged deprivation of federal right. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

### C. Injunctive Relief

Finally, the Court will dismiss Plaintiff's request for injunctive relief because a plaintiff "cannot seek such equitable relief where there is no underlying federal claim." *Williams v. Warner*, No. 3:15-CV-05655-BHS-JRC, 2017 U.S. Dist. LEXIS 67738, at *23 (W.D. Wash. Apr. 3, 2017); *see also Burd v. Countrywide Home Loans, Inc.,* No. 2:15-cv-1764-GMN-VCF, 2015 U.S. Dist. LEXIS 163669, at *9 (D.C. Nev. Nov. 10, 2015) ("Injunctive relief is not a separate cause of action or an independent ground for relief").

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by a separate Order consistent with this Memorandum Opinion.

Date: April 26, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.011